UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 4:20-CR-388 |
| | § | |
| THOMAS SCOTT PERKINS, | § | |
| *Defendant*. | § | |

**Defendant's Motion for Revocation of Detention Order**

TO THE HONORABLE DAVID COUNTS:

**Introduction**

Thomas Perkins appeals the magistrate court's detention order because it relied not on the nature of the offense, the weight of the evidence, or the defendant's characteristics but on the volume of the evidence. It was also procedurally improper as it reversed another magistrate court's order to release Perkins.

**Evidence produced at the detention hearing.**

Prior to commencing a re-detention hearing, the magistrate court clarified the events of the case: on September 10, 2020, Perkins was indicted by a grand jury in a sealed indictment. He was arrested on September 15 and had a detention hearing before U.S. Magistrate Judge John Parker in Abilene, Texas, on September 16. Judge Parker set conditions of bond; there is no indication that the government moved to detain at the time.

Perkins and his father voluntarily presented themselves before Magistrate Judge David Fannin in Pecos on September 22. Because of information received by Judge Fannin from Pretrial Services, the Court ordered Perkins's detention on September 22 and set a detention hearing for September 24.

On September 24, counsel for Perkins argued that the Magistrate Court should reinstate the order setting conditions—pointing out that the proper avenues for the government, should it wish to revisit detention, was: (1) to appeal Judge Harper's order setting conditions of release to the District Court, (2) to file a motion to re-open the detention hearing if there was new information, or (3) to file a motion to revoke if there was reason to believe Perkins had violated the conditions of bond. The Magistrate Court denied defense counsel's request to reinstate the conditions of release and proceeded with a "re-detention hearing."

At the re-detention hearing, agent David Ferg testified that he had been involved in an investigation that began when a Homeland Security Investigations agent in Brownsville, Texas, noticed suspicious downloads through a bittorrent service by an IP address in Fort Stockton. As part of the investigation, agents searched the house that Perkins shared with his parents in January 2020. They seized a number of devices from the house. So far, agents have conducted forensic searches of ten of the devices. After searching some of the devices, agents found 100,000 files of photographs and videos that they believed contained child exploitation material, 69,000 of which were unique (not duplicates). Agent Ferg testified that in the 9 months since the search, in which Perkins was living without any sort of constraint, that he was not aware of Perkins possessing or accessing child exploitation material.

The Pretrial Services Report documented that Perkins has never been arrested.

The defense called John Perkins, Thomas Perkins's father, as a witness. John testified: he lives at 404 South Seals in Fort Stockton with his wife Elizabeth. Thomas lived with him until January of 2020. John works for the USDA in Fort Stockton as the rural director of development. His son, Thomas, lived with him and his wife continuously from his birth until January 2020. Thomas has never been arrested before but suffers from significant medical disorders. He has a

bone disorder as well as mental disorders—ADHD and Asperger's disorder. The State of Texas has found him to be disabled; he gets money from Supplemental Social Security.

After the house was searched in January of 2020, John and Elizabeth Perkins decided that Thomas Perkins should move out of their house. They were concerned about his mental condition and depression. They removed him through a mental warrant. Thomas Perkins spend about 10 days at Oceans Behavior Hospital in Odessa, before living for a short time with his grandmother, until his parents were able to purchase a home for him in Merkel, Texas. His parents' thinking was that by living on his own, conditions could improve both for Thomas and for them.

They noticed significant improvement in Thomas's wellbeing. He was able to take care of himself. John Perkins testified that Thomas was not a danger to himself, his wife, or anyone else in the community. John Perkins does not believe Thomas has viewed child pornography since the search in January. John and Elizabeth Perkins have taken substantial steps to ensure that Thomas was not able to access the internet. They were willing to take whatever action required by the Court to ensure that Thomas could comply with the conditions set by the Court, particularly those necessary to comply with the Adam Walsh Act.

The Magistrate Court found that Perkins was not a risk of flight. In finding that Perkins was a danger to the community, the Magistrate Court focused on the fact that the government believes it has found 69,000 unique files on just a portion of his devices. The defense pointed out that such a volume is indicative of addictive behavior, that has apparently been overcome since the search in January 2020, and that pretrial release, under conditions, would be beneficial because it would give Perkins additional opportunity to overcome the addiction.

**1.     The government was not entitled to a re-detention hearing.**

The government either failed to move for detention when Perkins initially appeared in Abilene or lost a detention hearing. Judge Fannin stated he relied on new information when initially deciding to detain Perkins on September 22 but did not explain what the new information was. In effect, Judge Fannin granted the government's motion to re-open the detention hearing without them meeting the requirements.

Under 18 U.S.C. § 3142(f)(2), a detention hearing "may be reopened, . . . after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

It is not clear what new information the government had on September 22 that it lacked on September 15. Judge Parker's order to release on conditions should be reinstated.

**2.     The government did not introduce evidence sufficient to support Perkins's pretrial detention.**

To have justified pretrial detention of Perkins, the government must have shown (a) by clear and convincing evidence that her release under conditions would endanger the community or (b) by a preponderance of the evidence that her release under conditions would not reasonably assure her appearance. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

The mere fact that the government has found a large number of files suspected child exploitation material on Perkins's devices was not sufficient to show by clear and convincing evidence that Perkins would endanger the community if released under conditions.

### Conclusion.

Perkins respectfully moves this Court to order his release under appropriate conditions.

Respectfully Submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/S/ Shane O'Neal_____
SHANE O'NEAL
Assistant Federal Public Defender
108 N. 10th Street
Alpine, Texas 79830
(432) 837-5598
(432) 837-9023 – fax
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

AUSA John Cannizzaro
United States Attorney's Office
Alpine Division
2500 North Hwy, 118
Suite A200
Alpine, Texas 79830

/S/ Shane O'Neal_____
SHANE O'NEAL
Attorney for Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 4:20-CR-388 |
| | § | |
| THOMAS SCOTT PERKINS, | § | |
| *Defendant*. | § | |

## Order for Release on Conditions

The United States Marshal's Office must release Thomas Scott Perkins on a $10,000 unsecured bond with one surety, consistent with the conditions required by the Adam Walsh Act.

Signed on the ___ day of October 2020.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE