UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | NO. 4:20-CR-388-DC-01 |
| THOMAS SCOTT PERKINS | § § § | |

### DEFENDANT'S NOTICE OF EXPERT EVIDENCE

COMES NOW Defendant THOMAS SCOTT PERKINS ("Mr. Perkins"), by and through the undersigned counsel, and files his Notice of Expert Evidence in accordance with Federal Rule of Criminal Procedure 16(b)(1)(C) and 12.2(b).

Mr. Perkins is charged with distribution and possess of child pornography. *See* Doc. No. 67. On August 30, 2021, Mr. Perkins provided Notice to the Government of its Insanity defense and its intent to introduce expert evidence relating to a mental disease, defect, or condition bearing on the issue of guilt, pursuant to Federal Rules of Criminal Procedure 12.2(a) and (b). *See* Doc. No. 77. Mr. Perkins hereby designates Dr. James Schutte as an expert for trial.

Dr. Schutte will provide expert testimony relating to Mr. Perkins's mental health and other conditions, including historical diagnoses of schizophrenia, schizoaffective disorder (bipolar type), Autism Spectrum Disorder (A.S.D.), and ADHD. Dr. Schutte will provide expert testimony bearing on Mr. Perkins's insanity defense—i.e., evidence showing that, at the time of the offense, Mr. Perkins was, as a result of a severe mental disease or defect, unable to appreciate the wrongfulness of his acts. *See* 18 U.S.C. § 17(a); FED. R. CRIM. P. 12.2(a). Additionally, Dr. Schutte will provide expert testimony about Mr. Perkins's mental conditions that bear on the issue of his

guilt, specifically which serve to negate the mens rea that the Government must prove to sustain a conviction.[1] *See* FED. R. CRIM. P. 12.2(b)

Dr. Schutte's curriculum vitae is attached as Exhibit A to this filing.

Respectfully Submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/S/
ELYSE M. BATALLER-SCHNEIDER
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
*Attorney for Defendant*

---

[1] The Fifth Circuit has explained that 18 U.S.C. § 17 does not prohibit all other uses of mental health evidence by criminal defendants outside of insanity. *See United States v. Newman*, 849 F.2d 156, 165 (5th Cir. 1988). Courts have routinely held that, while mental disease or defect is not a defense, such evidence is relevant to negating the mens rea requirement of certain crimes. *See United States v. Eff*, 524 F.3d 712, 720 n.11 (5th Cir. 2008) (citing *United States v. Cameron*, 907 F.2d 1051, 1062-66 (11th Cir. 1990)); *United States v. Telles*, 18 F. 4th 290, 297-98 (9th Cir. 2021) (explaining that 12.2(b) expert evidence in § 2422 case was excluded on other grounds, but the trial court permitted a mental disease or defect defense in case involving autism): *see also United States v. Pohlot*, 827 F.2d 889 (3d Cir. 1987).. At least one court in the Fifth Circuit has expressly recognized these cases and explained that evidence like this may be admitted to "negate mens rea." *See United States v. Ngo*, No. H:17-cr-413, 2020 WL 1234186, at *3 (S.D. Tex. Mar. 13, 2020) (excluding mental health evidence but explaining that "evidence of mental abnormality to negate mens rea is admissible," but evidence that the defendant "lacked the capacity to form the mens rea," is too confusing and inadmissible).

## CERTIFICATE OF SERVICE

 I hereby certify that on the 29th day of June, 2022, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following:

AUSAs Andrew Cannon Weber, John Cannizzaro, and Scot Van Greenbaum
Office of the U.S. Attorney
2500 N. Hwy. 118, Suite A200
Alpine, TX 79830

Fidel Esparza, III
Office of the U.S. Attorney
601 NW. Loop 410, Suite 600
San Antonio, TX 78216

        /S/
        ELYSE M. BATALLER-SCHNEIDER
        *Attorney for Defendant*