## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **V.** | § | **NO. 4:20-CR-388-DC-01** |
| | § | |
| **THOMAS SCOTT PERKINS** | § | |
| | § | |

## DEFENDANT'S MOTIONS IN LIMINE

COME NOW Defendant, THOMAS SCOTT PERKINS ("Mr. Perkins"), by and through counsel, and submits the following motions in limine.

### A.  MR. PERKINS'S MOTION IN LIMINE

Mr. Perkins reasonably believes the Government may try to introduce evidence of various matters having low to no probative value while at the same time possessing a high potential for unfair prejudice which no instruction could cure, as described below. Mr. Perkins therefore moves to exclude such evidence or preclude such questions.  At the very least, Mr. Perkins asks the Court to require the Government to approach the bench and obtain a ruling before making the same known to the jury in any form.

### 1.  Rule 404(b) and Other Acts Evidence

The Government has not provided notice to Mr. Perkins of its intent to offer evidence at trial of other crimes, wrongs, or acts, in accordance with Federal Rule of Criminal Procedure 404(b)(3). Mr. Perkins, however, reasonably believes that the Government might try to introduce evidence of alleged prior bad acts, clearly inadmissible under Rule 404(b), including but not limited to testimony or evidence of prior alleged incidents involving child pornography. This request should not be construed as an acknowledgment that such prior convictions or bad acts

evidence exists, but, out of an abundance of caution, Mr. Perkins objects to any such evidence both as untimely noticed and as otherwise inadmissible under Rule 404(b).

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Such evidence is in some cases admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. FED. R. EVID. 404(b)(2). The Government is required to provide reasonable written notice of such evidence it plans to use at trial, and to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning the supports the purpose." FED. R. EVID. 404(b)(3). The Fifth Circuit applies a two-step test for the admissibility of 404(b) evidence. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). First, the evidence must be relevant to an issue other than the defendant's character. *See id*. Second, the probative value of the evidence must not be substantially outweighed by its undue prejudice. *See id*. As a predicate to the question of relevancy, the Government must offer sufficient proof demonstrating that the extrinsic evidence occurred. *See id*. at 912-13.

While the Rule does not provide a precise timeframe for pretrial notice of 404(b) evidence, it requires that it must be "reasonable notice" so that "the defendant has a fair opportunity to meet it." FED. R. EVID. 404(b)(3)(A). What constitutes "reasonable notice" depends on the circumstances of each case. *See United v. Charles*, 3 F.3d 436, 1993 WL 346909, at *3 (5th Cir. 1993). Mr. Perkins offers that failure to provide such notice prior to the motions deadline in this case, and mere weeks before trial, does not constitute reasonable notice. *See, e.g., United States v. Rios-Morales*, No. 14-cr-20117, 2015 WL 5637532, at *7 (D. Kan. Sept. 24, 2015) (excluding late-noticed 404(b) evidence, explaining that the motions deadline had passed, and the defendant

2

was entitled to much earlier notice under 404(b)). Absent an articulation of any permissible purpose as required under Rule 404(b), Mr. Perkins presumes that such evidence would be admitted for the impermissible purpose of demonstrating Mr. Perkins is of bad character and that he presently acted in accordance with that character. Not only is such evidence untimely and inadmissible under Rule 404(b), but admission of such testimony would constitute enormous prejudice to Mr. Perkins and provide no probative value beyond misleading the jury. *See* FED. R. EVID. 403.

### 2.  Reputation Testimony

Mr. Perkins anticipates that Government witnesses may testify about his reputation or a predilection towards the alleged conduct. Such testimony is inadmissible as irrelevant to the elements charged and unfairly prejudicial. *See* FED. R. EVID. 402, 403. Further, evidence of a defendant's reputation in the community is only admissible to show a defendant's character on rebuttal if the defendant first offers evidence of his reputation for good character. *Michelson v. United States*, 335 U.S. 469, 475 (1948); *see* FED. R. EVID. 405(a).

Accordingly, any evidence of Mr. Perkins's reputation is inadmissible in the Government's case-in-chief, and Mr. Perkins requests the Court order the Government to instruct its witnesses to refrain from such reputation testimony.

### 3.  Veracity of Government Witnesses

An accused has no obligation to testify at trial and bears no burden of proof at trial. U.S. CONST. amend. V. Sometimes an accused does choose to testify, or to present witnesses in his behalf. Testimony from the accused or his witnesses may contradict testimony given by Government witnesses. In these circumstances, prosecutors have been known to ask the accused or the defense witness whether the Government witness was "lying" when he or he gave the contrary testimony.  Because this "lying" question is an improper one, Mr. Perkins asks the Court

to direct the prosecutor to refrain from any question asking whether the accused or a defense witness believes a Government witness is truthful or untruthful.

This form of question is improper at a number of levels.  First, such a question invades the province of the jury in making credibility determinations at trial. *See, e.g.*, *United States v. Hernandez,* 891 F.2d 521, 526 (5th Cir. 1989). In asking the accused, or a defense witness, to judge the credibility of the Government agent, the prosecution improperly induces a witness to testify that another witness, and in particular a government agent, has lied on the stand.   *United States v. Boyd,* 54 F.3d 868, 871 (D.C. Cir. 1995); *see also United States v. Sanchez,* 176 F.3d 1214, 1218-20 (9th Cir. 1999) (same); *United States v. Sullivan,* 85 F.3d 743, 749-50 (1st Cir. 1996) (same); *United States v. Richter,* 826 F.2d 206, 208-09 (2d Cir. 1987).

Second, this form of question before a jury suggests testimony by Government witnesses is presumptively correct and the burden is on the defense to rebut such testimony. Any transfer of the burden to prove or disprove evidence violates the basic tenet that the Government must prove each element of the charged offense beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364 (1970).

Third, this form of questions seeks to elicit testimony outside the witness' personal knowledge. Rule 602 provides that a witness may not testify to a matter, unless he has personal knowledge of the matter. *See United States v. Davis,* 792 F.2d 1299, 1304 (5th Cir. 1986) (discussing Rule 602). An accused or a defense witness lacks personal knowledge of a Government witness's state of mind and therefore cannot appropriately respond to questions as to the veracity of a Government witness. Such a question similarly violates Rule 701 as an improper opinion lacking personal knowledge.

Finally, this line of question detracts from the fundamental fairness and integrity of the trial. It is "improper for the prosecutor to question [a defendant] about whether [a government] agent . . . [is] lying." *United States v. Combs*, 379 F.3d 564, 572 (9th Cir. 2004). Should the outcome of the trial rest on credibility estimations of witnesses, the inherently detrimental nature of this form of question can inject a defect of constitutional magnitude into the proceedings. *Id.* As such, questions directing defense witnesses to comment on the veracity of government witnesses have no place in a criminal trial.

In light of the foregoing, the Government should be directed to refrain from presenting questions of this nature to defense witnesses and Mr. Perkins.

### 4. Unnecessary or Cumulative Child Pornography or Other Images

Mr. Perkins anticipates that the Government intends at trial to show the jury a considerable number of images or videos of either "child pornography" or "child erotica." Mr. Perkins is prepared to stipulate that certain images constitute child pornography, or for the Court to review *in camera* such materials to determine what constitutes child pornography. Showing such images to the jury does a disservice to victims of child pornography and rather than vindicating their rights, in fact purposelessly retraumatizes them. Insofar as the Government declines such a stipulation, the Court would ask that the Government refrain from showing images of "child erotica" that fail to constitute "child pornography," and refrain from characterizing such images as "child pornography." *See United States v. Browne*, No. 20-cr-965, 2022 WL 1063953, at *3 (D.N.J. Apr. 8, 2022) (denying admissibility of "child erotica" in child pornography case, because it is not illegal contraband and is prejudicial). Mr. Perkins also asks that the Court limit the number of images of "child pornography" shown to the jury. The probative value of showing large numbers of such images is de minimis, and is substantially outweighed by prejudice, the waste of time, and the needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.

5.  **Undisclosed Expert Opinion Testimony**

The Government has not provided Notice of any expert testimony. In the event that the Government intends to introduce any expert opinions during its case-in-chief, Mr. Perkins objects because the Government has not complied with the disclosure requirements under Rule 16(a)(1)(G) and trial is set to begin on July 18, 2022. This limine includes the opinion testimony of a witness that relates to forensics involved in child pornography investigations, or technical procedures and laws that are outside common knowledge as such testimony would be expert, not lay, testimony. *See* FED. R. EVID. 701 (limiting lay opinion testimony to that which is not based on technical or other specialized knowledge within the scope of Rule 702).

Insofar as the Government intends to rely on opinion evidence by investigators or other law enforcement lay witnesses, it is inadmissible. *See* FED. R. EVID. 701. Absent demonstration of subject matter knowledge outside the presence of the jury sufficient to qualify the Government's lay witnesses as experts, Mr. Perkins respectfully asks this Court to instruct witnesses not to delve into forensic or other expert testimony, including but not limited to peer-to-peer network or peer-to-peer software theory that, at a minimum, would be obtained through years of education in computer science and employment using such a degree rather than on-the-job training with law enforcement software or relatively brief law enforcement courses instructing one how to use such software.

6.  **Other Evidence not Timely Provided in Discovery**

Mr. Perkins does not anticipate that the Government will attempt to introduce evidence not timely provided, but, out of an abundance of caution, requests that any such materials be excluded, pursuant to this Court's Scheduling Orders and Federal Rule of Criminal Procedure 16. In the alternative, Mr. Perkins asks that the Court order the Government to immediately disclose those materials or make them available for inspection.

## REQUESTED RELIEF AND PROCEDURAL MATTERS

Mr. Perkins would be prejudiced by any mention of these matters before the jury, even if an objection is later sustained and an instruction to disregard issued, as they are the sort of thing which no instruction could remove from the jury's minds. Mr. Perkins requests that the Court order the Government and its witnesses not to refer before the jury to any of the above-described matters and to redact any references in documentary evidence to any of the above matters unless the Court has previously ruled it admissible. The Government should be required to approach the bench and obtain a ruling before placing any of such matters before the jury in any way, whether through testimony, argument, objections, voir dire examination, or otherwise.

WHEREFORE, PREMISES CONSIDERED, Mr. Perkins prays that this Court order the Government and its witnesses not to allude to any of the above matter without first obtaining the Court's ruling as to admissibility outside the hearing of the jury; and that the Court will exclude such evidence at trial.

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender

/S/
ELYSE M. BATALLER-SCHNEIDER
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
*Attorney for Defendant*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2022, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following:

AUSAs Andrew Cannon Weber, John Cannizzaro, and Scot Van Greenbaum
Office of the U.S. Attorney
2500 N. Hwy. 118, Suite A200
Alpine, TX 79830

Fidel Esparza, III
Office of the U.S. Attorney
601 NW. Loop 410, Suite 600
San Antonio, TX 78216

/S/
ELYSE M. BATALLER-SCHNEIDER
*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **V.** | § | **NO. 4:20-CR-388-DC-01** |
| | § | |
| **THOMAS SCOTT PERKINS** | § | |
| | § | |

<u>**ORDER ON DEFENDANT'S MOTIONS IN LIMINE**</u>

On this day, came on for hearing Defendant Thomas Scott Perkins's Motions in Limine, and after considering the same and arguments of counsel, the following orders will enter:

IT IS HEREBY ORDERED that:

**A. Defendant's Motions in Limine**

1. <u>Rule 404(b) and Other Acts Evidence</u>

   GRANTED _____    MODIFIED AND GRANTED _____          DENIED _____

2. <u>Reputation Testimony</u>

   GRANTED _____    MODIFIED AND GRANTED _____          DENIED _____

3. <u>Veracity of Government witnesses</u>

   GRANTED _____    MODIFIED AND GRANTED _____          DENIED _____

4. <u>Unnecessary of Cumulative Images</u>

   GRANTED _____    MODIFIED AND GRANTED _____          DENIED _____

5. <u>Undisclosed Expert Testimony</u>

   GRANTED _____    MODIFIED AND GRANTED _____          DENIED _____

6. <u>Other Evidence Not Timely Provided</u>

   GRANTED _____    MODIFIED AND GRANTED _____          DENIED _____

SO ORDERED this ___ day of _____, 2022.


_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE