IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | P-20-CR-388-DC |
| | § | |
| THOMAS SCOTT PERKINS, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**GOVERNMENT'S NOTICE OF INTENT TO USE RULE 404 EVIDENCE**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this notice that it intends to provide the following evidence at trial as other crimes, wrongs, or acts, as well as testimony about relevant specific instances of conduct on cross-examination of any character witness:

1. **404(B):** The Government intends to introduce testimony by John Perkins and Elizabeth Perkins that they discovered the Defendant possessing child pornography approximately 10 years prior and that he was told to stop. Specifically, approximately 10 years ago, when the defendant was still in high school, John Perkins had found some printed out pictures of child pornography that the defendant had printed out. John Perkins confronted the defendant about the pictures and told the defendant he had to stop viewing such materials. Also, approximately 10 years ago, Elizabeth Perkins found materials onto the family computer under the "John and Beth" profile in an attempt to not get in trouble and cast blame elsewhere. The defendant had also told Elizabeth Perkins approximately 10 years ago that he had downloaded child

1

pornography materials and Elizabeth Perkins told the defendant he needed to get the material off the computer, but he refused. This evidence will, of course, not be used to prove Defendant's character or that he acted in this case in accordance with that character.  Rather, this evidence is admissible under Rule 404(b)(2) for several reasons, including to prove Defendant's knowledge, intent, plan, absence of mistake and lack of accident; his knowledge that he received, distributed and possessed illegal child pornography, his intent and plan to receive illegal material despite knowing it was wrong, and the absence of mistake or accident in downloading and sharing the illegal material to rebut any suggestion that he did not knowingly receive and distribute such material.

2. The Government also intends to introduce statements by the defendant that he masturbated, for his sexual gratification, while looking at underage nudist images that he knew to be child pornography. The government does not believe this evidence falls under FRE 404, however, out of an abundance of caution, the government is providing notice. This evidence will, of course, not be used to prove Defendant's character or that he acted in this case in accordance with that character.  Rather, this evidence is admissible under Rule 404(b)(2) for several reasons, including to prove Defendant's motive, knowledge, intent, plan, absence of mistake and lack of accident; his motive to possess the material for his own sexual gratification, his knowledge that he received, possessed, and distributed illegal child pornography, his intent and plan to receive and possess illegal material despite knowing it was wrong, and the absence of mistake or accident in downloading and sharing the illegal material to rebut any suggestion that he did not knowingly receive and distribute such material.

3. The government also intends to introduce statements by the defendant that he preferred to look at images or videos of children between the ages of eight and ten years old, if given the opportunity, the defendant would be willing to have sexual intercourse with a child as young as twelve or thirteen years old. The defendant also stated that he believed he would not be able to stop himself from having sexual intercourse with a twelve or thirteen-year old child if the child initiated the sexual contact. The government does not believe this evidence falls under FRE 404, however, out of an abundance of caution, the government is providing notice. This evidence will, of course, not be used to prove Defendant's character or that he acted in this case in accordance with that character. Rather, this evidence is admissible under Rule 404(b)(2) for several reasons, including to prove Defendant's motive, intent, plan, absence of mistake and lack of accident; his motive is his attraction to children and his desire to have sexual contact with a child, his intent and plan to possess illegal material to satisfy his sexual desires with a child, his plan to obtain images in videos to satisfy his sexual desires,   and the absence of mistake or accident in downloading and sharing the illegal material to rebut any suggestion that he did not knowingly receive and distribute such material.

4. The government also intends to introduce statements by the defendant that he had contact with an unidentified female child while attending a church even approximately four years prior to his interview. The defendant was flirtatiously playing with a ten to twelve-year old female child and while "rough-housing" with the child, the defendant touched the child's chest. The government does not believe this evidence falls under FRE 404, however, out of an abundance of caution, the government is providing notice.

This evidence will, of course, not be used to prove Defendant's character or that he acted in this case in accordance with that character. Rather, this evidence is admissible under Rule 404(b)(2) for several reasons, including to prove Defendant's motive, intent, plan, absence of mistake and lack of accident; his motive is his attraction to children and his desire to have sexual contact with a child, his intent and plan to possess illegal material to satisfy his sexual desires with a child, his plan to obtain images in videos to satisfy his sexual desires, and the absence of mistake or accident in downloading and sharing the illegal material to rebut any suggestion that he did not knowingly receive and distribute such material.

5. The government also intends to introduce statements by the defendant that he searched for nudist content, specifically, searching for children between the ages of eight and ten years of age. The defendant also stated he had searched terms such as "PTHC", which he knew was associated with child pornography. The government does not believe this evidence falls under FRE 404, however, out of an abundance of caution, the government is providing notice. This evidence will, of course, not be used to prove Defendant's character or that he acted in this case in accordance with that character. Rather, this evidence is admissible under Rule 404(b)(2) for several reasons, including to prove Defendant's motive, knowledge, intent, plan, absence of mistake and lack of accident; his motive to possess the material for his own sexual gratification, his knowledge that he received, possessed, and distributed illegal child pornography, his intent and plan to receive and possess illegal material despite knowing it was wrong, and the absence of mistake or accident in downloading and sharing the illegal material to rebut any suggestion that he did not knowingly receive and distribute such material.

        Respectfully submitted,

        ASHLEY C. HOFF
        UNITED STATES ATTORNEY

By: */s/ Kevin R. Cayton*_____
    Kevin R. Cayton
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

 I hereby certify that on this 12th day of July 2022, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Counsel for the Defendant:
Elyse M Bataller-Schneider, Christopher J. Carlin, and Michael F. Gorman

        */s/ Kevin R. Cayton*_____
        Kevin R. Cayton
        Assistant United States Attorney