UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | P:20-CR-00388-DC |
| | § | |
| **THOMAS SCOTT PERKINS,** | § | |
| | § | |
| **Defendant.** | § | |

### GOVERNMENT'S MOTIONS IN LIMINE

To the Honorable David Counts, United States District Judge:

The United States of America now files the following motions in limine.

1. <u>Argument or Evidence Designed to Elicit Jury Nullification</u>

The Government asks that the Court preclude Defendant from offering argument or evidence designed to elicit jury nullification. Jury nullification— or "the right of a jury to acquit for whatever reasons even though the evidence supports a conviction"—is "an important part of the jury trial system." *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001) (citation omitted). But that "does not, by implication, mean that defense counsel has a right to make an argument encouraging the jury to do so." *Id.* Stated simply, jury nullification "is not a right belonging to the defendant," and the Court "may block defense attorneys' attempts to serenade a jury with the siren song of nullification." *Id.* (first citing *United States v. Gonzalez*, 110 F.3d 939, 947–48 (2d Cir. 1997), then quoting *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)). In light of that legal principle, federal district courts within the Fifth Circuit routinely grant motions in limine asking the trial judge to prevent a defendant from introducing evidence or

argument designed to elicit jury nullification. *See, e.g., United States v. Nicholson*, No. 2:18-CR-23-KS-MTP, 2019 WL 339449, at *1 (S.D. Miss. Jan. 28, 2019) (Starrett, J.) (granting motion in limine to preclude argument inviting jury nullification); *see United States v. Trevino*, No. 5:17-CR-897, Order at Doc 122 (S.D. Tex. Oct. 3, 2019) (Marmolejo, J.) (granting motion in limine to preclude argument or evidence designed to elicit jury nullification); *United States v. Wiggins*, No. 11-CR-2420-FM, 2013 WL 12093020, at *5 (W.D. Tex. July 16, 2013) (Montalvo, J.) (granting motion in limine to preclude evidence or argument designed to elicit jury nullification). The Government asks that the Court do the same here.[1]

2. <u>Argument or Evidence Concerning Lawfulness of Defendant's Interview or Admissibility of His Statements</u>

The Government respectfully asks that the Court preclude Defendant from arguing or offering evidence that Defendant's various admissions to law enforcement are not admissible against him at trial because of any alleged legal issues surrounding the questioning. During an interview, Defendant admitted he searched for nudist content to include content of children between the ages of eight and ten years old. Defendant admitted to searching terms specifically associated with child pornography. Defendant admitted he masturbated while viewing content of underage children. These statements are admissible against Defendant at trial as statements of a party opponent under Federal Rule of Evidence 801(d)(2) and are admissions central to the elements of the offense that the Government will be required to prove at trial. In an abundance of caution and to avoid unnecessarily prolonging the trial or confusing the jury by arguing these

---

[1] This ruling is especially warranted now given the ongoing, rancorous public debate about the United States' immigration laws, many of which became points of contention in the recent election. As such, these issues may be particularly likely at the present time to stir the ire of certain members of the public and encourage jury nullification. However, the jury in this case will be tasked with deciding this case based on the current state of the law and not based on whims or preferences about how the law should be.

points in front of it, the Government now seeks a ruling prohibiting Defendant from contending that the statements should be excluded because they were taken in violation of *Miranda* or, in the alternative, seeks a ruling that these statements are admissible against Defendant. Defendant should be precluded from arguing that they are inadmissible as taken in violation of *Miranda*.

The Federal Rules of Criminal Procedure and this Court's own scheduling order make clear that any such argument is untimely and should not be considered. Federal Rule of Criminal Procedure 12(b)(3)(C) "requires" a defendant to raise "suppression of evidence" issues before trial through pre-trial motion. A defendant is not entitled to wait until the Government seeks to admit such evidence at trial before first objecting. Indeed, Rule 12(c)(3) makes clear that the consequences of failing to raise a suppression motion before trial is that the motion is considered untimely. And although the rule allows the Court to "consider the defense, objection, or request if the party shows good cause," there is no such good cause here. The Defendant's admissions were included in the narrative of the reports that were turned over to the defense months ago. In short, this Defendant is no different than any other defendant who seeks to exclude admissions or other evidence in anticipation of a possible future trial. Defendant should not be allowed to re-raise an untimely argument, confuse the jury, or reduce Rule 12 to nothing more than a suggestion by raising for the first time at trial what should have been raised months ago. *See, e.g., United States v. Knezek*, 964 F.2d 394, 397 (5th Cir. 1992) (affirming a district court's decision to deny a suppression motion because the defendant did not comply with pretrial procedures.)

3.   <u>Evidence of Defendant's Own Statements Through Government Witnesses</u>

The Government asks that the Court preclude Defendant from offering evidence of his own prior statements—including on cross-examination of Government witnesses—given that such statements would be hearsay. *See* Fed. R. Evid. 801. To the extent Defendant intends to offer

testimony, he must testify and be subject to cross-examination. And importantly, the party-opponent exemption to hearsay—which allows the Government to introduce such statements against the Defendant—does not affect the Court's analysis, as that exception only applies to statements "offered against an opposing party," but does not permit Defendant to offer his own statements to his benefit. *See, e.g., United States v. Bond*, 87 F.3d 695, 699 (5th Cir. 1996) (finding evidence was "not admissible as an admission by a party-opponent because it was not 'offered against a party' within the meaning of Fed. R. Evid. 801(d)(2)."

4.  <u>Argument or Evidence Concerning Defendant's Mental Competency or Insanity</u>

The Court should preclude Defendant from arguing or submitting evidence of either a defense pertaining to mental competency or insanity. The Court held a hearing regarding the defendant's competency to stand trial. After hearing testimony from a government expert and a defense expert, the Court held the defendant was competent to stand trial. 4:20-cr-00388-DC, Doc 107, dated June 16, 2022. The Government's position is a re-litigation of competency would likely confuse the jury and undermine the Court's ruling. Furthermore, no expert report regarding the defendant's alleged insanity has been provided to the Government. Much like the court hearing held for the competency of the defendant, the defendant could have requested a hearing on sanity. To Government counsel's knowledge, defense did not request a hearing on sanity. The Government's position is that having an independent hearing on sanity gives both sides the opportunity to present evidence to the court and allow the court to make determination on any testimony or evidence regarding sanity prior to the jury hearing the evidence. Allowing the defense to confuse the jury by raising sanity, with no expert evaluation or determination by this Court, is inappropriate.

6. <u>Argument or Evidence of Punishment or Collateral Consequences</u>

Finally, and relatedly, the government asks the Court to preclude argument or evidence related to the consequences of a guilty plea—including those related to possible punishments and/or any other consequences. Any argument or evidence concerning the potential consequences of a conviction is irrelevant.

                Respectfully submitted,

                ASHLEY C. HOFF
                UNITED STATES ATTORNEY


By:   */s/ Scott V. Greenbaum*
       Scott V. Greenbaum
       Assistant United States Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2022, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

<u>Counsel for the Defendant</u>:
Michael F. Gorman
Elyse M. Bataller-Schneider

                */s/ Scott V. Greenbaum*
                Scott V. Greenbaum
                Assistant United States Attorney