UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § |
| V. | §    NO. 4:20-CR-388-DC-01 <br> § |
| THOMAS SCOTT PERKINS | § <br> § <br> § |

### DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY BY HSI SPECIAL AGENT ANTONIO YANEZ, or REQUEST FOR HEARING PURSUANT TO RULE 702 AND/OR *Daubert*

COMES NOW Defendant, THOMAS SCOTT PERKINS ("Mr. Perkins"), by and through counsel, and moves to exclude expert testimony by HSI Special Agent Antonio Yanez ("SA Yanez").[1] In the alternative, he requests a hearing before trial to determine if SA Yanez is: 1) qualified as an expert under Federal Rule of Evidence 702, or 2) that his testimony will be "the product of reliable principles and methods" reliably applied to "sufficient facts or data," under Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1999). Mr. Perkins respectfully shows the following:

### I.    BACKGROUND

Mr. Perkins was indicted on September 10, 2020 and charged with one count of possession of child pornography in violation of Title 18 U.S.C. § 2252(a)(4) and one count of distribution of child pornography in violation of Title 18 U.S.C. § 2252(a)(2). Doc. No. 1. He was arrested on

---

[1] This motion is timely filed. Mr. Perkins filed his pretrial materials in accordance with this Court's initial motions deadline on June 29, 2022. The Government was subsequently afforded additional time to file pretrial materials by July 12, 2022. The Government did not provide the expert notice at issue in this motion until July 12, 2022, so filing this motion would have been impossible by that date or the prior motions deadline of June 29.

September 14, 2020 and has been in custody since that time. On June 10, 2021, the Government filed a Superseding Indictment adding eight counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). Doc. No. 67.

On June 29, 2022, Mr. Perkins filed his Motions in Limine for trial. Doc. No. 115. Among other arguments, Mr. Perkins requested that the Court exclude undisclosed expert opinion testimony, including on forensics involved in child pornography investigations or other technical issues. Doc. No. 115 at 6. At the time, the Government had not filed any notice of expert testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). Mr. Perkins specifically explained that investigators and other law enforcement witnesses should not be permitted to testify about technical issues without being qualified as experts under Federal Rule of Evidence 702. Doc. No. 115 at 6. The Government has not filed a response to Mr. Perkins's Motions in Limine.

The Court subsequently set July 12, 2022, at 12 p.m. as a new deadline for motions in limine and other pretrial filings. Doc. No. 119. At 12 p.m. on July 12, 2022, the Government filed an Expert Notice, designating three expert witnesses including SA Yanez. Doc. No. 139. On July 13, 2022, the Court granted Mr. Perkins's motion in limine with respect to unnoticed expert testimony but determined that the subsequent Notice of SA Yanez and other experts was timely. Doc. No. 141 at 3. Mr. Perkins is set for trial on July 18, 2022.

## II.   ARGUMENT

The Court should not permit SA Yanez to testify as an expert witness in this case. The Government's disclosure of its expert witnesses was untimely as explained in Mr. Perkins's Motions in Limine,[2] and unquestionably fails to adequately describe "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *See* Doc. No. 139; *see also*

---

[2] Counsel understands that the Court ruled that such notice was timely but renews his objection.

2

FED. R. CRIM. P. 16(a)(1)(G). The Government filed the Notice at the precise moment of the motions deadline in this case, seemingly to impair Mr. Perkins's ability to object. Moreover, the Notice includes no CV letter for SA Yanez, or any explanation as to his qualifications, let alone adequate explanation of his opinions or the bases for those opinions. *See* FED. R. CRIM. P. 16(a)(1)(G). He is, likewise, not qualified to testify as an expert pursuant to Federal Rule of Evidence 702. Should the Court decline to exclude SA Yanez, it should hold a Rule 702 and/or *Daubert* hearing to determine if he is qualified to testify as an expert or if his testimony will be "the product of reliable principles and methods" reliably applied to "sufficient facts or data."

"When evaluating expert testimony, the overarching concern is whether or not it is relevant and reliable." *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007). The admissibility of expert testimony is governed by Rule 702 of the Federal Rules which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

The Supreme Court has interpreted Rule 702 as requiring that the district court act as a "gatekeeper," ensuring that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1999); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); and *General Electric Co. v. Joiner*, 522 U.S. 136, 142 (1997). Under Federal Rule of Evidence 104(a), the proponent of the testimony

bears the burden of establishing to the trial judge that "the pertinent admissibility requirements are met by a preponderance of the evidence." FED. R. EVID. 702 Advisory Committee's Note (2000 amends.) (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)). The decision whether to admit or exclude expert testimony is within the broad discretion of the district court. *General Electric Co. v. Joiner*, 522 U.S. at 136-37.

### A. SA Yanez is Not Qualified to Testify as an Expert on These Issues

The first requirement under Rule 702 is that the expert be qualified. "Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks,* 589 F.3d 173, 179 (5th Cir. 2009) (quoting Rule 702). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.* (citing *Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir. 1999)). "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden,* 571 F.3d 442, 452 (5th Cir. 2009) (citation omitted).

The Seventh Circuit recently explained that law enforcement officers must be qualified as experts to testify as to the forensic-examination process and other technical features in child pornography cases. *See United States v. Wehrle*, 985 F.3d 549, 553-54 (7th Cir. 2021) (finding it was abuse of discretion to allow police officer to testify about technical aspects of investigation without qualifying her as an expert under Rule 702). SA Yanez would, therefore, have to be qualified by this Court as an expert under Rule 702 to testify about the technical issues described in the Government's Notice, which appear to be far more extensive than the issues in *Wehrle*. The Government cannot meet its burden to show that SA Yanez is qualified. The Government has not

4

adequately explained what SA Yanez's opinion testimony will be or his qualifications for delivering such testimony. The entirety of the Government's Notice with respect to SA Yanez is:

> Special Agent Yanez will testify regarding his forensic examination of the devices seized from the defendant. He will also testify to electronic devices and internet file sharing, including but not limited to the mechanics of how filing sharing software works and how files are downloaded and shared over the internet, how computer storage works, how long files are stored on drives, and how files can be deleted and recovered from electronic devices. He also will discuss how Virtual Personal Networks (VPNs) work and the purpose of a VPN along with computer forensics in general.

Doc. No. 139 at 1-2. Even if the Government had provided SA Yanez's qualifications, it strains credulity that he has the technical expertise to competently testify on the broad spectrum of technologies at issue in this case. Mr. Perkins already raised these issues in his Motions in Limine. The Court need not reach the other factors outlined under Rule 702, because SA Yanez is clearly not "qualified as an expert by knowledge, skill, experience, training, or education" to testify to all of the technical issues described above. *See Cooks,* 589 F.3d at 179.

Moreover, such testimony's probative value is substantially outweighed by the danger of unfair prejudice, confusion, and other issues. *See* FED. R. EVID. 403. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595 (internal quotation marks omitted). Moreover, the Fifth Circuit has acknowledged that permitting officers to testify as both fact and expert witnesses raises specific concerns, including: (1) improper bolstering of the lay testimony, (2) inhibition of cross-examination, (3) a danger that expert testimony will stray from applying reliable methodology and convey to the jury the witness's sweeping conclusions about a defendant's activities, and (4) jury confusion. *United States v. Haines*, 803 F.3d 713, 729-32 (5th Cir. 2015) (citing *United States v. Dukagjini*, 326 F.3d 45, 53

(2d Cir. 2003)). In this case, permitting an agent like SA Yanez to testify in a lay and expert capacity as proposed by the Government, poses all of those risks of prejudice. The prejudices far outweigh the de minimis probative value of allowing an unqualified agent to opine on every technical aspect of this case. "Unless the expertise adds something, the expert at best is offering a gratuitous opinion, and at worst is exerting undue influence on the jury that would be subject to control under Rule 403." *United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996).

Therefore, the Court should find that SA Yanez is not qualified to testify as an expert under Rule 702, or, alternatively, set a hearing to assess his qualifications.

### B. The Government Did Not Provide Sufficient Information to Assess the Reliability of SA Yanez's Principles and Methods or Their Application to Sufficient Facts or Data.

If the Court finds that SA Yanez is qualified to testify as an expert under Rule 702, Mr. Perkins requests a *Daubert* hearing to allow the Court to perform its gatekeeping function to determine the admissibility of his testimony. Even if SA Yanez were found qualified to testify as an expert, the Court would need to find that he otherwise satisfied the requirements of Rule 702—i.e., that specialized knowledge would help the jury, that his testimony is based on sufficient facts or data, that his testimony is the product of reliable principles and methods, and that he reasonably applied those principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that federal trial courts, when faced with a proffer of expert scientific testimony, must determine at the outset whether the "reasoning or methodology underlying the testimony is scientifically valid[.]" 509 U.S. 579, 592-93 (1993). In evaluating whether expert testimony is reliable, the Supreme Court in *Daubert* identified the following non-exhaustive list of factors: 1) whether the theory is scientific knowledge that will assist the trier of fact and can be tested; 2) whether the theory has been subjected to peer review or publication; 3) the known or potential rate of error and the existence

6

of standards controlling the technique's operation; and 4) the extent to which the methodology or technique employed by the expert is generally accepted in the scientific community. *Kumho Tire*, 526 U.S. at 149-50 (citing *Daubert*, 509 U.S. at 593-94). While *Daubert* refers to scientific testimony, *Kumho Tire* held that *Daubert*'s general principles apply to all expert matters described in Rule 702. *Id.* at 149. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *General Electric Co.*, 522 U.S. at 146. Where some expert testimony may rest upon scientific foundations, the relevant reliability concerns in other cases "may focus upon personal knowledge or experience." *Kumho Tire*, 526 U.S. at 150.

The Expert Notice filed by the Government does not contain sufficient information to make those determinations, so the Court should hold a *Daubert* hearing. Mr. Perkins, again, offers that SA Yanez's testimony should be excluded as untimely and improperly noticed under Rule 16 and because he is not qualified. But if the Court declines to exclude his testimony on those grounds, it should hold a *Daubert* hearing.

### III.   CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Perkins requests that the Court exclude SA Yanez's expert testimony as described in the Government's late-filed expert notice, pursuant to Federal Rule of Evidence 702, or in the alternative hold a hearing under Rule 702 and/or *Daubert* to determine the admissibility of his expert testimony.

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender

/S/
Elyse M. Bataller-Schneider
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2022, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following:

AUSAs Andrew Cannon Weber, John Cannizzaro, Kevin Cayton, Matthew Ellis, and Scott Van Greenbaum
Office of the U.S. Attorney
2500 N. Hwy. 118, Suite A200
Alpine, TX 79830

Fidel Esparza, III
Office of the U.S. Attorney
601 NW. Loop 410, Suite 600
San Antonio, TX 78216

/S/
Elyse M. Bataller-Schneider
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| V. | §     NO. 4:20-CR-388-DC-01 § |
| THOMAS SCOTT PERKINS | § § § § |

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE**

Before this Court is Defendant's Motion to Exclude Expert Testimony by HSI Special Agent Antonio Yanez, or Request for Hearing. This Court, having considered the same, is of the opinion that said Motion should be granted.

It is therefore **ORDERED** that the Defendant's Motion to Exclude (Doc. No. ___) is hereby GRANTED.

SO ORDERED on this the _____ day of _____, 2022.

_____
DAVID COUNTS
United States District Judge