| | § | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | NO. 4:20-CR-388-DC-01 |
| | § | |
| | § | |
| THOMAS SCOTT PERKINS | § | |
| | § | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE

COMES NOW Defendant, THOMAS SCOTT PERKINS ("Mr. Perkins"), by and through counsel, and submits this Response to the Government's Motions in Limine.[1]

The Government argues that the defense should be precluded from referencing certain subjects it deems objectionable. Mr. Perkins addresses each subject according to the order raised in the Government's Motion.

1. Argument or Evidence Designed to Elicit Jury Nullification.

No objection.

2. Argument or Evidence Concerning Lawfulness of Defendant's Interview or Admissibility of His Statements.

The Defendant objects to this request in part. Counsel understands the Court's order granting this request as directing Mr. Perkins to refrain from arguing at trial that statements made

---

[1] The Government filed its Motions in Limine on July 12, 2022. Doc. No. 138. The Court ruled on those motions the following day, July 13, 2022, before counsel was afforded a reasonable opportunity to respond and state its objections to the Government's requests. Doc. No. 141. Counsel will raise the same issues at the pretrial conference, but files this written response to clearly preserve his objections on the record.

to law enforcement should be suppressed as *Miranda* violations. Mr. Perkins agrees and has no intention of filing a motion to suppress in the middle of the trial.[2]

The Government's request, however, could also be understood as seeking to exclude all argument or evidence as to the voluntariness of Mr. Perkins's confession. Insofar as the Government seeks to exclude such argument or evidence, the Government's position is clearly without merit and foreclosed by statute.

Title 18, Section 3501 of the United States Code, not only permits, but requires trial courts to allow the jury to hear evidence on the issue of voluntariness. The statute explains:

> In any criminal prosecution brought by the United States or by the District of Columbia, a confession as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. **If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.**

18 U.S.C. § 3501(a) (emphasis added). That is to say, even if the Court determines that a confession was given voluntarily, it still <u>must</u> permit the jury to hear evidence on voluntariness and give the instruction on confession voluntariness. Once the Government introduces a statement made by Mr. Perkins to law enforcement, the Court is not only permitted but required to allow evidence of voluntariness and to give the requisite instruction. The Fifth Circuit has explained that the question of voluntariness goes to the jury, and that the Court should not offer its own evaluation of voluntariness to the jury. *See United States v. Harper*, 432 F.2d 100, 102 (5th Cir. 1970).

---

[2] It should be noted, the Government insists that Mr. Perkins had an obligation to file any suppression motions "months ago," *see* Doc. No. 138, despite the Government itself filing the entirety of its motions and notices mere days before the trial. Of course, this Court has not imposed deadlines or rules in this case that apply only to Mr. Perkins and not the Government.

Mr. Perkins timely submitted his proposed jury instructions to the Court on June 29, 2022. *See* Doc. No. 113. Included therein was Fifth Circuit Pattern Instruction 1.28, on Confession – Statement Voluntariness, which is required to be given if the Government seeks to introduce a "confession." *See* Doc. No. 113 at 2. Not only has the Government failed to file proposed jury instruction of its own, but it declined to object to Mr. Perkins requested instructions. Now, the Government argues, without reference to 18 U.S.C. § 3501(a), the Fifth Circuit Pattern, or any relevant caselaw, that Mr. Perkins's failure to file a motion to suppress under *Miranda* precludes him from arguing that his statements are inadmissible. The title of the request suggests that the Government seeks to prohibit not only argument to the Court that such a confession is inadmissible, but also, more broadly, "argument or evidence concerning lawfulness of Defendant's interview[.]" *See* Doc. No. 138. The only case cited by the Government, simply held that the district court properly denied an untimely suppression motion. *See United States v. Knezek*, 964 F.2d 394, 399 (5th Cir. 1992). But the court did not hold that the defendant was barred from raising issues of voluntariness or coercion at trial; in fact, the court specifically ruled that if "counsel wanted to develop those issues at trial, he would possibly grant a mistrial if coercion was proven." *Id*. To hold otherwise would be utterly irreconcilable with 18 U.S.C. § 3501.

Mr. Perkins has not and will not move to suppress statements he allegedly made to law enforcement in this case. But the Court is still required to make a determination as to the voluntariness of any such statements and then to permit evidence and give the pattern jury instruction on voluntariness. Such evidence can and will include Mr. Perkins's "age, sex, training, education, occupation, and physical and mental condition, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement" as outlined in Fifth Circuit Pattern Jury Instruction 1.28.

3.  <u>Evidence of Defendant's Own Statements Through Government Witnesses</u>.

The Defendant does not object to the general inadmissibility of hearsay without an exception, but does not waive his right to introduce statements that are otherwise admissible under Rule 801, *et seq.*, or that are relevant and "necessary to qualify, explain, or place into context the portion already introduced[.]" *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996); FED. R. EVID. 106.

4.  <u>Argument or Evidence Concerning Defendant's Mental Competency or Insanity</u>.

The Defendant objects to this request. The Government does not cite to a single Rule, Statute, or case in its request, and attempts to impose novel and baseless obligations on Mr. Perkins with respect to his insanity defense.

At the outset, the Government's argument that Mr. Perkins should be foreclosed from raising a "defense pertaining to mental competency," is puzzling, but ultimately not an issue before the Court. The Government appears to misunderstand the law, but competency is not a defense. It is an issue to be raised pretrial to ensure the constitutional protections of criminal defendants. Counsel raised the competency issue pretrial, maintains that Mr. Perkins is not competent to stand trial, but has no intention of arguing to the jury that Mr. Perkins is not "competent," as it is not a trial issue or available defense. His other timely noticed mental health evidence is, however, broadly admissible.

*Rule 12.2(a) Insanity Evidence*

The Government's argument with respect to insanity is meritless and entirely contrary to the relevant Rules and caselaw. The Government's position appears to be that Mr. Perkins should

be foreclosed from arguing his Noticed insanity defense, because he did not request a pretrial hearing on the matter. The argument does not include a single legal citation and appears to be based entirely on the Government's view that Mr. Perkins should have followed § 4241 competency procedures with respect to his insanity defense. The Government explains: "Much like the court hearing held for the competency of the defendant, the defendant could have requested a hearing on sanity." *See* Doc. No. 138 at 4. Of course, competency and insanity are fundamentally different issues governed by different statutes with different proscribed procedures. The United States Code specifically provides for competency motions and strict procedures including psychiatric examinations and pretrial hearings on the issue. *See* 18 U.S.C. § 4241. Section 4241 has nothing to do with an insanity defense.

Rule 12.2(a), on the other hand, requires that a defendant who intends to assert an insanity defense, notify the Government and file a notice with the clerk, in the time provided for filing a pretrial motion. The Court in this case recently reset the pretrial motions deadline for July 12, 2022. *See* Doc. No. 119. Mr. Perkins filed Notice under Rule 12.2(a) of his insanity defense nearly a year before that deadline, on August 30, 2021. *See* Doc. No. 77. The Government offers no support for the view that the Court is permitted or required to hold a hearing pretrial on Mr. Perkins's insanity defense,[3] let alone that Mr. Perkins himself was somehow obligated to request such a hearing.

The Government characterizes Mr. Perkins's constitutional and statutorily authorized insanity defense as follows: "Allowing the defense to confuse the jury by raising sanity, with no

---

[3] Courts appear to have frequently declined to hold pretrial hearings on properly noticed insanity defenses, even where the government requests such a hearing. *See, e.g., United States v. Rezaq*, 918 F. Supp. 463, 468-69 (D.D.C. 1996). The issue is moot, however, as the Government has neither moved for such a hearing nor proffered any legal basis for one.

expert evaluation or determination by this Court, is inappropriate." *See* Doc. No. 138 at 4. The argument is misleading on the facts and evinces a constitutionally infirm view of the criminal process. It is not "confusing the jury" for Mr. Perkins to raise a defense for which he provided Notice, or to do so after the Government presents its case-in-chief, in accordance with ordinary legal practice and the Rules. Nor does the Government get to subvert core aspects of the criminal justice system, by declaring, mere days before trial, not only that Mr. Perkins must prove his defense prior to the trial, but that by failing to affirmatively ask to do so, he has waived his defense.

The Government offers, additionally, that "no expert report regarding defendant's alleged insanity has been provided to the Government." *See* Doc. No. 138 at 4. The argument is, at best, misleading to the Court on both the law and the facts. The Government does not explain whether Mr. Perkins's obligation to provide an "expert report" is required under Rule 12.2(a) or Rule 16(b), but Mr. Perkins in fact provided an expert notice detailing Dr. James Schutte's expected testimony on insanity on June 29, 2022, previously provided reports of Dr. Schutte's examination of Mr. Perkins, and this week provided a report prepared by Dr. Schutte the same day it was prepared, within hours of the Government's request.

Neither Rule 12.2(a) nor 18 U.S.C. § 17(a) require that a defendant undergo a specific insanity psychiatric examination to raise an insanity defense.[4] Rule 12.2 simply requires Notice by the defense and allows the Government, pursuant to Rule 12.2(c)(1)(B) to move to have the defendant examined by its own expert to assess the issue of insanity, under 18 U.S.C. § 4242. While not citing to Rule 12(c), the Government's motion for a psychiatric examination on September 22, 2021, appears to have been such a motion. *See* Doc. No. 81. Rule 12.2(c)(3) requires

---

[4] *Cf. United States v. Dixon*, 185 F.3d 393, 406 (5th Cir. 1999) (explaining that an insanity defense could be proven by relying on medical records and offering expert testimony to explain the relationship between the defendant's medical history and criminal actions).

that the defendant disclose any existing results and reports of any examination on mental condition about which the defendant intends to introduce expert evidence, after the Government discloses its reports. Rule 12.2 does not require the defendant to produce those reports if they do not exist, nor does it specify a time frame for when the defendant must make such a disclosure. In either event, the Government was provided with Dr. Schutte's report of his September 4, 2021 examination and diagnosis of Mr. Perkins months ago in connection with this Court's competency proceedings. *See* Doc. No. 97. Dr. Schutte did not reexamine Mr. Perkins for the purposes of insanity but will rely on the same diagnosis to offer expert testimony at trial that relates to the question of whether Mr. Perkins was unable to appreciate the nature and quality or wrongfulness of his acts, due to severe mental disease or defect, at the time of the offense. Counsel provided the Government with an expert notice detailing such expected testimony on June 29, 2022. *See* Doc. No. 112. Additionally, upon the Government's July 11, 2022 request for examinations and/or expert reports, defense counsel asked to Dr. Schutte to prepare such a report addressing the insanity issue, and it was provided the very next day on July 12, 2022.

Mr. Perkins has likewise complied with Rule 16's discovery obligations in this area. Federal Rule of Criminal Procedure 16(b)(1)(C) provides that the defendant must, at the government's request, give to the government a written summary of any expert testimony if the government has complied with the defendant's request under Rule 16(a)(1)(G). It is likely in this case that Mr. Perkins's Rule 16 disclosure obligation with respect to his expert on insanity was not triggered, because the Government failed to provide its own expert notices as requested under Rule 16(a)(1)(G) until July 12, 2022,[5] and failed to make any affirmative request for such materials until

---

[5] The Government's disclosure of its expert witnesses was untimely as explained in Mr. Perkins's Motions in Limine, and unquestionably fails to adequately describe "the witness's opinions, the bases and reasons

July 11, 2022. Nevertheless, weeks before any such obligation could have arisen, as discussed above, Mr. Perkins provided a detailed Notice of Expert Evidence on June 29, 2022, designating Dr. Schutte as a trial expert, and explaining his qualifications and the scope of his testimony on the insanity defense. *See* Doc. No. 112. Likewise, insofar as the Government would argue that Mr. Perkins was obligated to provide any of Dr. Schutte's examinations and tests under Rule 16(b)(1)(B), such a duty only arises upon the Government's compliance with Rule 16(a)(1)(F), and its own request to the defendant. The Government has almost certainly not complied with its obligations under Rule 16(a)(1)(F) and failed to make any request for such examinations or reports until the evening of July 11, 2022. Despite the Government's apparent oversight, defense counsel provided all of Dr. Schutte's relevant examinations and reports months ago, and in less than a day of the Government's request, obtained and provided an additional report from Dr. Schutte on July 12, 2022.

Mr. Perkins provided Notice of his insanity defense nearly a year ago, has consistently provided all of Dr. Schutte's reports, provided a Notice of his expert testimony weeks in advance of the trial, and produced the most recent report within 24 hours of the Government's formal discovery request. The Government has not cited to a single rule, statute, or case in its argument, and its position is without merit.

*12.2(b) Evidence of Mental Disease, Defect, or Condition*

Mr. Perkins also filed Notice nearly a year ago on August 30, 2021, of his intent to introduce expert evidence relating to his mental disease, defect, or condition bearing on the issue of guilt, pursuant to Rule 12.2(b). *See* Doc. No. 77. He subsequently filed a Notice of Expert

---

for those opinions, and the witness's qualifications." *See* Doc. No. 139; *see also* FED. R. CRIM. P. 16(a)(1)(G).

Evidence on June 29, 2022, explaining that Dr. Schutte would provide expert testimony under Rule 12.2(b), about how Mr. Perkins's various mental conditions serve to negate the mens rea the Government must prove in this case. *See* Doc. No. 112. The Notice included legal support for such a 12.2(b) argument. Also on June 29, 2022, Mr. Perkins filed proposed jury instructions with the Court, including a 12.2(b) instruction, again citing to considerable legal support for this of evidence and instruction. *See* Doc. No. 113 at 2-3. The Court subsequently instructed Mr. Perkins to file objections to its proposed instructions, which did not to include the requested, and Mr. Perkins did so on July 12, 2022. *See* Doc. No. 136.

To date, the Government has not objected to the Rule 12.2(b) Notice, Dr. Schutte's proposed expert testimony on Rule 12.2(b) issues, or Mr. Perkins's proposed instruction on the issue. Even in the Government's recently filed Motions in Limine, it does not make any attempt to address this issue. The Court should consider any such objection waived.

5. <u>Argument or Evidence of Punishment or Collateral Consequences</u>.

No objection

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender

/S/
ELYSE M. BATALLER-SCHNEIDER
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2022, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following:

AUSAs Andrew Cannon Weber, John Cannizzaro, Kevin Cayton, Matthew Ellis, and Scott Van Greenbaum
Office of the U.S. Attorney
2500 N. Hwy. 118, Suite A200
Alpine, TX 79830

Fidel Esparza, III
Office of the U.S. Attorney
601 NW. Loop 410, Suite 600
San Antonio, TX 78216

/S/
ELYSE M. BATALLER-SCHNEIDER