UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | CAUSE NO. PE-20-CR-388-DC-1 |
| ) | |
| THOMAS SCOTT PERKINS  ) | |

**DEFENDANT'S MOTION TO CORRECT OR RECONSIDER SENTENCE IMPOSED ON OCTOBER 24, 2022**

THOMAS SCOTT PERKINS  (hereinafter "Mr. Perkins"), defendant in this case, by and through undersigned counsel, respectfully moves pursuant to Federal Rule of Criminal Procedure 35(a) and this Court's inherent authority[1] for correction or reconsideration of its sentence imposed on October 24, 2022.  In support thereof, he respectfully submits the following:

The defense sought a downward variance—a fact made clear in the timely filed Sentencing Memorandum.  As such, the defense respectfully but plainly opposed and objected to any upward variance in any form presented.[2]

On the day of the sentencing hearing, this Court asked the parties if consecutive sentences would be characterized as an upward variance.  In response to this *Guidelines* question, undersigned counsel responded anything above 262 months would be an upward

---

[1] The Advisory Committee acknowledges this Court's inherent authority in its Note to the 1991 Amendment of Federal Rule of Criminal Procedure 35 providing "[a]t least two courts of appeals have held that the trial court has the inherent authority . . . to correct a sentence within the time allowed for sentence appeal by any party under 18 U.S.C. § 3742. . . . The amendment in effect codifies the result in those two cases but provides a more stringent time requirement." (Citations omitted).

[2] The Government offered no written response to the Sentencing Memorandum, and for much of its allocution appeared to request a sentence at the high end of the *Guidelines*.  As this Court indicates on the docket, the upward variance was a response to an oral motion, the basis or which remains somewhat unclear.

1

variance, paraphrasing the following: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(d).

The Presentence Investigation Report suggested no factors, positive or negative, supporting a variance or departure.

When announcing the sentence, this Court did not appear to articulate the basis for the substantial variance elevating a *Guidelines* sentence of roughly 22 years to an effective life sentence of 157.5 years.  *See, e.g.*, *United States v. Lord*, 812 Fed. Appx. 194, 196 (5th Cir. 2020)(holding sentence appropriate when sentencing court "gave its reasons for imposing consecutive sentences . . . , making clear its rationale for the sentence").  Undersigned counsel may have missed the associated explanation in the moment but could not recall hearing an explanation for the substantial upward variance.  Such would be appreciated if absent from the pronouncement of sentence.

However, while clarity would be appreciated, such is not the primary end of the present Motion.  The Government offered a plea agreement to Count One, carrying a maximum sentence of 20 years.  Mr. Perkins, due to his state of mental health, was incapable of discussing plea agreements, leaving only the possibility of a trial with an ongoing assertion by defense counsel that the defendant is not competent.  Undersigned counsel argued to this Court at the competency hearing that Mr. Perkins fervently believed, on advice of an angel physically manifesting itself to him, that this case would be dismissed by this Court or the prosecutor.  His position was not a result of obstinance or even autism, but rather an irrational mental process that precluded

discussion of sentencing or courses of action that might have saved him from his current situation. If this Court believes, with certitude, that Mr. Perkins's decisions are the product of a rational mind reflecting defiance to any wrongdoing, then a variance might be justified. However, it is unclear given the record with widely divergent expert opinions how certainty would be possible in this case.

Ultimately, no expert, whether Government or defense, disputes the presence of significant mental health issues. Mr. Perkins may well lose his life in a prison environment given the features of this condition. The Government valued its case at a 20-year maximum sentence prior to trial. A 137-year premium added to this assessment for exercise of a trial right by default due to competency concerns appears exceedingly harsh under the circumstances.

In light of the foregoing, this Court is respectfully asked to re-consider its sentence and consider an alternative sentence within the *Guidelines* range.

                                                  Very truly yours,

                                                  MAUREEN SCOTT FRANCO
                                                  Federal Public Defender

                                                  /s/

                                                  MICHAEL GORMAN
                                                  Assistant Federal Public Defender
                                                  Western District of Texas
                                                  Federal Building
                                                  700 E. San Antonio, D-401
                                                  El Paso, Texas 79901

                                                  (915) 534-6525

CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of October 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and have personally forwarded a copy of such filing to AUSA Scott Van Greenbaum, Office of the U.S. Attorney, 2500 N. Hwy. 118, Suite A200, Alpine, TX 79830.

                                              /s/
                                      Michael Gorman
                                      Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.                                                        ) | CAUSE NO. PE-20-CR-388-DC-1 |
| ) | |
| THOMAS SCOTT PERKINS              ) | |

**ORDER**

On this day came on to be considered Defendant's Motion to Correct or Reconsider Sentence Imposed on October 24, 2022. After considering the evidence and arguments in this matter, the Court is of the opinion that the motion should be GRANTED.

The sentence imposed is hereby modified as follows:

_____

_____

SIGNED AND ENTERED this ____ day of _____, 2022.

_____
DAVID COUNTS
UNITED STATES DISTRICT COURT JUDGE